IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

# CASE NUMBER 19-10261

## UNITED STATES OF AMERICA,
*PLAINTIFF-APPELLEE.*,

V.

## BLAKE TAYLOR,
*DEFENDANT-APPELLANT.*

ON DIRECT APPEAL FROM THE UNITED STATES DISTRICT
COURT FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

## APPELLANT'S INITIAL BRIEF

JASON D. HAWKINS
FEDERAL PUBLIC DEFENDER

J. MATTHEW WRIGHT
ASSISTANT FEDERAL PUBLIC DEFENDER
500 South Taylor Street
Suite 110
Amarillo, Texas 79101
(806) 324-2370
Matthew_Wright@fd.org

*Counsel for Mr. Taylor*

## Certificate of Interested Persons

The undersigned counsel of record certifies that the following listed persons and entities have an interest in the outcome of this case. These representations are made in order that the judges of this Court may evaluate possible disqualification or recusal.

| | |
|---|---|
| District Court Judges: | Hon. John McBryde |
| Appellant: | Blake Taylor |
| Defense Counsel: | Federal Public Defender for the Northern District of Texas<br>Kevin Joel Page<br>J. Matthew Wright<br>Michael A. Lehmann |
| Prosecution: | U.S. Attorneys for the Northern District of Texas<br>Erin Nealy Cox<br>Dan Cole<br>Chris Wolfe<br>Leigha Simonton |

/s/ J. Matthew Wright
Counsel for Appellant

ii

## Statement Regarding Oral Argument

I request oral argument.

## Table of Contents

Certificate of Interested Persons ............................................................................. ii

Statement Regarding Oral Argument ..................................................................... iii

Table of Authorities ............................................................................................... vi

Jurisdictional Statement ......................................................................................... 1

Issues Presented for Review ................................................................................... 2

Statement of the Case ............................................................................................. 3

Summary of the Argument ...................................................................................... 7

Argument ................................................................................................................. 7

I.    The district court reversibly erred when it relied on Wells's statements to apply the leadership role enhancement, when it denied Mr. Taylor's attorneys access to relevant impeachment information that both the court and prosecution had access to, and when it denied Mr. Taylor credit for acceptance of responsibility when he objected to these actions. ....................... 7

    A.    The standard of review is abuse of discretion, which requires de novo review of legal questions. ........................................................................... 7

    B.    The district court erred when it refused to allow Mr. Taylor's attorneys to review Wells's competency report. ............................................................. 8

    C.    The district court erred when it relied on Wells's statements to apply the leader-organizer enhancement. ................................................................. 9

    D.    The district court erred when it denied acceptance of responsibility based on Mr. Taylor's objections. ............................................................... 9

    E.    These errors were not harmless. ............................................................... 11

F.   Alternatively, if the Guideline range was truly "irrelevant" to the district court's selection of sentence, then the sentence was substantively and procedurally unreasonable. ................................................................. 14

II.  Mr. Taylor preserves, for further review, the argument that his offense of attempted bank robbery was not a "crime of violence" for purposes of 18 U.S.C. § 924(c)(3)(A). ................................................................. 15

A.   The standard of review is de novo because Mr. Taylor filed a timely motion to dismiss the § 924(c) Count. ................................................................. 15

B.   Fifth Circuit precedent appears to foreclose any argument that his predicate offense would not qualify. ................................................................. 16

Conclusion ................................................................. 17

Certificate of Service ................................................................. 18

Certificate of Compliance ................................................................. 18

## Table of Authorities

**Cases**

*Brady v. Maryland,*
    373 U.S. 83 (1963) ...................................................................................... 8

*Gall v. United States,*
    552 U.S. 38 (2007) ................................................................................. 7, 15

*Molina-Martinez v. United States,*
    136 S. Ct. 1338 (2016) ............................................................................... 15

*United States v. Bazemore,*
    608 F. App'x 207 (5th Cir. 2015) .............................................................. 12

*United States v. Bazemore,*
    839 F.3d 379 (5th Cir. 2016) ..................................................................... 12

*United States v. Bazemore,*
    No. 14-10381, 2014 WL 5501031 (5th Cir. filed Oct. 24, 2014) ............. 12

*United States v. Brewer,*
    848 F.3d 711 (5th Cir. 2017) ................................................................ 15, 16

*United States v. Broussard,*
    882 F.3d 104 (5th Cir. 2018) ....................................................................... 8

*United States v. Butler,*
    949 F.3d 230 (5th 2020) ............................................................................. 16

*United States v. Cardenas,*
    598 F. App'x 264 (5th Cir. 2015) .............................................................. 11

*United States v. Chandler,*
    732 F.3d 434 (5th Cir. 2013) ................................................................ 14, 15

*United States v. Fulbright,*
    804 F.2d 847 (5th Cir. 1986) ....................................................................... 8

*United States v. Halverson,*
    897 F.3d 645 (5th Cir. 2018) .................................................................. 11

*United States v. Ibarra-Luna,*
    628 F.3d 712 (5th Cir. 2010) .................................................................. 11

*United States v. Leal-Rax,*
    594 F. App'x 844 (5th Cir. 2014) .......................................................... 12

*United States v. Leal-Rax,*
    No. 7:13-CR-356 (S.D. Tex. Apr. 28, 2015) ................................. 12, 13

*United States v. Martinez-Romero,*
    817 F.3d 917 (5th Cir. 2016) ............................................................ 11, 12

*United States v. Martinez-Romero,*
    No. 5:14-CR-563-001 (S.D. Tex. July 14, 2016) .................................. 12

*United States v. Patino-Cardenas,*
    85 F.3d 1133 (5th Cir. 1996) .............................................................. 9, 10

*United States v. Perez,*
    669 F. App'x 196 (5th Cir. 2016) .......................................................... 15

*United States v. Rico-Mejia,*
    859 F.3d 318 (5th Cir. 2017) ............................................................ 11, 13

*United States v. Rico-Mejia,* No. 2:15-CR-68
    (W.D. Tex. August 18, 2017) ................................................................ 13

*United States v. Robinson,*
    741 F.3d 588 (5th Cir. 2014) .................................................................. 8

*United States v. Santos,*
    537 F. App'x 369 (5th Cir. 2013) .......................................................... 10

*United States v. Tanksley,*
    848 F.3d 347 (5th Cir. 2017) .................................................................. 11

*United States v. Vasquez-Tovar,*
    420 F. App'x 383 (5th Cir. 2011) .......................................................... 11

**Statutes**

18 U.S.C. § 924(c) ................................................................................ 2, 4, 15

18 U.S.C. § 924(c)(1)(A)(iii) ..................................................................... 3

18 U.S.C. § 924(c)(3) ............................................................................... 16

18 U.S.C. § 924(c)(3)(A) .................................................................. 7, 15, 16

18 U.S.C. § 924(c)(3)(B) .......................................................................... 15

18 U.S.C. § 2113(a) .......................................................................... 2, 3, 16

18 U.S.C. § 2113(d) .......................................................................... 2, 3, 16

18 U.S.C. § 3231 ...................................................................................... 1

18 U.S.C. § 3553(a) ................................................................................ 12

18 U.S.C. § 3553(a)(4) ............................................................................ 15

18 U.S.C. § 3742 ...................................................................................... 1

28 U.S.C. § 1291 ...................................................................................... 1

**Guidelines**

U.S.S.G. § 3B1.1(c) ............................................................................... 2, 5

U.S.S.G. § 4B1.1 .................................................................................... 16

**Rules**

Fed. R. App. P. 32(a)(6) ......................................................................... 18

**Other Authorities**

United States Department of Justice, Justice Manual § 9.5002 .................................. 8

## Jurisdictional Statement

The district court had original jurisdiction over this case pursuant to 18 U.S.C. § 3231. This Court has appellate jurisdiction under 18 U.S.C. § 3742 and 28 U.S.C. § 1291.

The district court entered written judgment on February 24, 2019. (ROA.76). Mr. Taylor filed a timely notice of appeal on March 4, 2020. (ROA.82).

## Issues Presented for Review

1.      Relying on the statements of Mr. Taylor's co-defendant, who had been ruled incompetent to stand trial, the district court applied a leader-organizer enhancement under U.S.S.G. § 3B1.1(c).

    a.      Did the district court reversibly err when it twice denied Mr. Taylor's request to for access to the co-defendant's competency report?

    b.      Did the district court reversibly err when it relied on these statements to apply the enhancement?

    c.      Did the district court reversibly err when it punished Mr. Taylor for raising this legal objection by denying credit for acceptance of responsibility?

    d.      Alternatively, did the district court reversibly err when it treated the Sentencing Guideline range as "irrelevant" to its ultimate sentencing determination?

2.      Mr. Taylor also wishes to raise the following issue for further appellate review, though he acknowledges that it appears to be foreclosed by current Fifth Circuit law: Is attempted bank robbery, 18 U.S.C. § 2113(a) & (d), categorically a "crime of violence" for purposes of 18 U.S.C. § 924(c)?

**Statement of the Case**

On July 19, 2018, Blake Taylor and Desmond Wells entered the Vertiex Community Bank in Fort Worth, Texas, with their faces covered. (ROA.53). Wells was carrying a bag or pillowcase, and Taylor was carrying a gun. (ROA.178). Wells demanded money from a teller. (ROA.53). Before the teller could hand over the money, Mr. Taylor "panicked." (ROA.133). He started firing the gun. (ROA.178). Three bank employees were struck, and one suffered very severe injuries. (ROA.178). Taylor and Wells fled the bank without getting any of the money. (ROA.178).

A witness at the bank managed to photograph the getaway car, and police were able to trace the car to Mr. Wells's mother's house. (ROA.179. Police got a warrant and searched the house, where they found the gun and other evidence of wrongdoing. (ROA.179). After they arrested Mr. Taylor, he admitted involvement in the robbery and named Wells. (ROA.178–179).

Police caught up with Wells and arrested him the following day. (ROA.179). Wells told police that Mr. Taylor was the one who was in charge, and who gave the orders. (ROA.179).

A federal grand jury returned a two-count indictment charging Mr. Taylor and Wells with attempted bank robbery (18 U.S.C. § 2113(a), (d)) and discharge of a firearm in furtherance of a crime of violence (18 U.S.C. § 924(c)(1)(A)(iii)). Mr. Taylor

moved to dismiss Count Two, arguing that Section 924(c)'s residual clause is unconstitutional vague. (ROA.37–38). The district court denied that motion. (ROA.45).

On November 2, 2018, Mr. Taylor pleaded guilty to both counts of the indictment. (ROA.50–52; ROA.88–111). His co-defendant Wells was apparently ruled incompetent to stand trial. Mr. Taylor cannot say with certainty the nature of the ruling, because the district court and the Government repeatedly refused to provide him with a copy of the relevant reports. The public ECF Docket entry 43 (Case No. 4:18-CR-231) provides:

> Minute Entry for proceedings held before Senior Judge John McBryde: Rearraignment Hearing not held on 11/9/2018 as to Desmond J Wells. Deft's atty advised the court he will file competency motion; deft's atty ordered to file motion by Nov 13 2018. Deft cont'd in custody. Attorney Appearances: AUSA - Douglas Allen for Dan Cole; Defense - Mark Danielson. (Court Reporter: Debbie Saenz) (No exhibits) Time in Court - (wrb) (Entered: 11/09/2018)

The Sealed Record in Mr. Taylor's case makes more explicit reference to the competency determination. Mr. Taylor twice moved for an order allowing his trial counsel access to the report. (ROA.268–269; ROA.272–273). The district court denied both requests. (ROA.271; ROA.275). The district court did reveal that a "healthcare professional" had deemed Wells incompetent to stand trial. (ROA.126). On information and belief, the court recently decided that Wells had been restored to competency and accepted his guilty plea.

Despite these indications that Wells might not be the most reliable informant, the district court relied on his statements to police to apply a leadership enhancement against Mr. Taylor. The PSR summarized the statement as follows:

> In a post-arrest interview, Wells stated Taylor repeatedly asked him to assist him in robbing a bank. On the morning of July 19, 2018, Taylor picked up Wells from his home in the Fiat. They drove to Taylor's residence where Taylor retrieved items of dark clothing and latex gloves for them to wear in the robbery. They drove past VCB and Taylor explained the robbery plan to Wells. Taylor gave Wells a bag and told him to enter the bank first and demand "hundreds, fifties, and twenties." Taylor told Wells it would be an "in and out job." Wells reported he did not carry a weapon and Taylor carried a pistol. They parked at the bank and Wells entered. Wells demanded money from the teller, then heard shots being fired and saw a teller fall to the ground. Wells feared he would also be shot since Taylor was standing near him and he decided to flee the bank. Taylor followed and they returned to the Fiat. They removed the dark clothing and gloves and Taylor dropped Wells off at his home.

(ROA.179 ¶ 12). The Probation Office (and in turn, the sentencing court) then relied on Wells's statements to apply a two-level increase in Mr. Taylor's offense level:

> The defendant recruited Wells to commit the bank robbery, and provided the clothing and transportation used therein. Accordingly, the defendant qualifies as an organizer of this offense and 2 levels are applied.

(ROA.182 ¶ 27) (applying U.S.S.G. § 3B1.1(c)).

After Mr. Taylor objected to the court's reliance on the alleged statements of someone who had been deemed incompetent, the district court denied him credit for acceptance of responsibility. (ROA.127–128). Just before the sentencing hearing, the

5

district court entered an order making clear that it was denying acceptance of responsibility because Mr. Taylor challenged the court's reliance on Wells's statements. (ROA.67).

After applying the leader-organizer enhancement but refusing to apply the acceptance of responsibility adjustment, the district court concluded that Mr. Taylor's offense level was 30, his criminal history category was IV, and the guideline range was 135–168 months for the attempted bank robbery county plus a mandatory minimum consecutive sentence of 120 months for discharging the firearm during the attempt. (ROA.251). The court ultimately imposed an aggregate sentence of 540 months in prison: 180 months for the attempted robbery, and 360 months for the discharge of a firearm. (ROA.150). The court stated that it would impose the same sentence if it had ruled the other way on these Guideline objections:

> And I might add that the sentence I've determined should be imposed is the same sentence I would be imposing even if the Court had not denied acceptance of responsibility of the reduction based on that, and even if the Court had sustained the objection relative to the leadership role.
>
> Those factors are really irrelevant to the decision the Court's made as to what the sentence should be in this case.

### Summary of the Argument

The district court reversibly erred when it deemed Desmond Wells's statements to police reliable enough to use against Mr. Taylor, when it refused to allow Mr. Taylor's attorneys to review the competency report, and when it denied Mr. Taylor credit for his acceptance of responsibility simply because he had the temerity to complain. The errors were not harmless. Alternatively, if the errors were harmless in the sense that the district court deemed the guideline range irrelevant to its sentencing decision, then that decision was itself unreasonable.

Mr. Taylor also preserves, for further appellate review, the argument that his attempted bank robbery conviction was not a "crime of violence" for purposes of 18 U.S.C. § 924(c)(3)(A).

### Argument

I. **The district court reversibly erred when it relied on Wells's statements to apply the leadership role enhancement, when it denied Mr. Taylor's attorneys access to relevant impeachment information that both the court and prosecution had access to, and when it denied Mr. Taylor credit for acceptance of responsibility when he objected to these actions.**

A. **The standard of review is abuse of discretion, which requires de novo review of legal questions.**

This Court reviews the reasonableness of a district court's sentencing decisions under an abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 46 (2007). "The standard of review is de novo on a district court's interpretation or application

7

of the Sentencing Guidelines; factual findings are reviewed for clear error." *United States v. Broussard*, 882 F.3d 104, 109 (5th Cir. 2018) (citing *United States v. Robinson*, 741 F.3d 588, 598–599 (5th Cir. 2014)).

**B. The district court erred when it refused to allow Mr. Taylor's attorneys to review Wells's competency report.**

Mr. Taylor had a right to be sentenced based only on reliable information. *See United States v. Fulbright*, 804 F.2d 847, 853 (5th Cir. 1986) ("As a matter of due process, factual matters may be considered as a basis for sentence only if they have some minimal indicium of reliability."). He likewise had a qualified right to challenge the evidence used against him at the sentencing proceeding.

Because Wells was himself subject to prosecution, and was represented by counsel, Mr. Taylor did not have an ability to cross-examine him at the sentencing hearing. Both the district court and the government had access to information that bore on Wells's credibility and reliability as a witness—the competency report(s) explaining why, in the view of a treating or examining medical practitioner, Wells was not capable of understanding the charges against him or of assisting in his own defense. The Constitution requires disclosure of all favorable evidence in the Government's possession that is "material either to guilt or to punishment." *Brady v. Maryland*, 373 U.S. 83, 87 (1963); *see also* United States Department of Justice, Justice Manual § 9.5002 para. I.B. (noting that a prosecutor must review "[k]nown substance abuse or mental health

8

issues or other issues that could affect the witness's ability to perceive and recall events"

for any discoverable information).

Mr. Taylor acknowledges that Wells has an interest in maintaining the privacy of any mental health diagnosis or treatment records. But those interests could have been preserved through a protective order. The Government is not allowed to use Wells's out-of-court statements against Mr. Taylor without disclosing all relevant impeachment information. The district court should have allowed Mr. Taylor's attorneys to review the information before sentencing, and to supplement their objections based on what they learned.

### C. The district court erred when it relied on Wells's statements to apply the leader-organizer enhancement.

In raising this part of the argument, Mr. Taylor's attorney is at a distinct disadvantage: he must anticipate what these reports might say. Perhaps this Court could review the statements *in camera* to decide whether they cast Wells's reliability into doubt. Most conditions that are debilitating enough to render a defendant incompetent tend to affect the ability to accurately perceive, recall, and recount events.

### D. The district court erred when it denied acceptance of responsibility based on Mr. Taylor's objections.

"The determination of the sentencing judge on acceptance of responsibility is entitled to great deference on review." *United States v. Patino-Cardenas*, 85 F.3d 1133,

1136 (5th Cir. 1996). Even so, the failure to apply the adjustment is reversible error when based upon an incorrect application of the Guideline.

In *Patino-Cardenas*, this Court specifically addressed the situation present here: denying acceptance of responsibility based on the defendant's objection to application of the leadership role adjustment. This Court held that it was error to deny the reduction where the defendant "objected to the legal characterization (leadership role) given his actions; he did not, in that document or at sentencing, deny any facts stated in the PSR concerning his role." *Patino-Cardenas*, 85 F.3d at 1136.

In *United States v. Santos*, 537 F. App'x 369, 375 (5th Cir. 2013), this Court likewise held that a defendant can object to (1) the PSR's "improper[ ] rel[iance]" on information that is off-limits and (2) the "sufficiency of the evidence" supporting a guideline adjustment without losing acceptance of responsibility. Mr. Taylor's attorneys followed this line very carefully: they objected to the PSR's improper reliance on information gleaned from a mentally or emotionally incapacitated witness, then objected to application of the enhancement due to a lack of *other* evidence in support. Following *Santos* and *Patino-Cardenas*, this Court should reverse the denial of acceptance of responsibility.

**E. These errors were not harmless.**

For sentencing errors, harmlessness is a "high hurdle": the Government must "convincingly demonstrate[ ] both (1) that the district court would have imposed the same sentence had it not made the error, and (2) that it would have done so for the same reasons it gave at the prior sentencing." *United States v. Ibarra-Luna*, 628 F.3d 712, 714 (5th Cir. 2010); *accord United States v. Halverson*, 897 F.3d 645, 651 (5th Cir. 2018).

Mr. Taylor acknowledges that the district court asserted—almost as an afterthought—that it would have imposed the same sentence, even if it had ruled the other way on the Guideline objections. (ROA.149) ("And I might add . . ."). That statement is not enough.

Preserved Guideline errors—like the ones at issue here—are presumed harmful, even when the district court varies from the range it believed applicable. *See Ibarra-Luna*, 628 F.3d at 717. This is because the Guideline range is the starting point and benchmark for federal sentencing. *Id.*

This Court has often remanded cases for Guideline error, even when the district court said that the sentence would be the same irrespective of any error. *See United States v. Martinez-Romero*, 817 F.3d 917 (5th Cir. 2016); *United States v. Rico-Mejia*, 859 F.3d 318, 323–325 (5th Cir. 2017); *United States v. Tanksley*, 848 F.3d 347, 353 (5th Cir. 2017); *United States v. Cardenas*, 598 F. App'x 264, 269 (5th Cir. 2015); *United*

11

*States v. Vasquez-Tovar*, 420 F. App'x 383, 384 (5th Cir. 2011); *United States v. Leal-Rax*, 594 F. App'x 844 (5th Cir. 2014); *United States v. Bazemore*, 608 F. App'x 207 (5th Cir. 2015). And in many of these cases, the district court has chosen to impose a different sentence when informed about an earlier Guideline error.

In *Martinez-Romero*, the district court imposed a sentence of 46 months, and stated three different times that the sentence would be the same even if it sustained the objection. 817 F.3d at 925. Yet on remand, the court reduced the sentence by nearly half, imposing 26 months of imprisonment. *See* Amended Judgment, *United States v. Martinez-Romero*, No. 5:14-CR-563-001 (S.D. Tex. July 14, 2016) (ECF Doc. 46).

Similarly, in *Bazemore*, the district court emphatically committed itself to a 292-month sentence, regardless of the Guidelines. Appellee Br., *United States v. Bazemore*, No. 14-10381, 2014 WL 5501031, at *51 (5th Cir. filed Oct. 24, 2014). On remand, the district court imposed a much lower sentence: "188 months' imprisonment." *United States v. Bazemore*, 839 F.3d 379, 385 (5th Cir. 2016).

In *Leal-Rax*, the sentencing court initially stated "that it believed the 37-month sentence it imposed would satisfy the 18 U.S.C. § 3553(a) factors even if it improperly characterized the [prior] conviction." *Leal-Rax*, 594 F. App'x at 851. Yet the court reduced the sentence by more than a year on remand, imposing a time-served sentence after a little more than two years in custody. *See* Amended Judgment, *United States v.*

*Leal-Rax*, No. 7:13-CR-356, (S.D. Tex. Apr. 28, 2015) (ECF Doc. 44); Complaint, United States v. Leal-Rax, No. 7:13-CR-356, (S.D. Tex. Apr. 28, 2015) (ECF Doc. 1) (reflecting arrest date).

And in *Rico-Mejia*, the sentencing court imposed a sentence of 41 months; this Court reversed that sentence on appeal, notwithstanding the sentencing court's proc-lamation that the sentence "would be the same sentence that I would pronounce even if I would have sustained the Defendant's objection to the Guideline Enhancement." 859 F.3d at 320. On remand, the district court imposed a sentence of time served after a little more than 32 months of actual imprisonment. *See* Amended Judgment, *United States v. Rico-Mejia*, No. 2:15-CR-68 (W.D. Tex. August 18, 2017) (ECF Doc. 53).

These examples all share a common storyline: a district court, *believing it is right about the Guidelines*, muses that the sentence would be the same if it was wrong about the Guidelines. Yet, when push-comes-to-shove, and when the appellate court corrects that Guideline error, the anchoring influence of the Guidelines is strong enough to change the final sentence.

Judges, like most human beings, are not entirely reliable when predicting what they *would* do under a different set of circumstances. That is a feature, not a bug, in a

13

system where there is appellate review of sentencing decisions. The evidence of different sentences on remand, in spite of similar language at sentencing, is extremely probative evidence weighing in favor of relief.

And here there is good reason to doubt that the sentence would be the same under a correctly calculated guideline range. If the district court had adopted the PSR's factual finding that Mr. Taylor accepted responsibility, and if it sustained his objection to the leadership role enhancement (ROA.182 ¶ 27), that would lower his offense level to 25 and his guideline range (for Count One) to 84–105 months in prison. That would be at least 63 months lower than the top end of the incorrect range applied below.

**F. Alternatively, if the Guideline range was truly "irrelevant" to the district court's selection of sentence, then the sentence was substantively and procedurally unreasonable.**

If the district court's afterthought is taken at its literal, face-value—if the proper Guideline range were truly "irrelevant" to the court's sentencing decision (ROA.149)—then that is yet another reason why the sentence must be reversed.

A sentence of imprisonment is substantively unreasonable when it does not account for a factor "that should have received significant weight." *United States v.*

14

*Chandler*, 732 F.3d 434, 437 (5th Cir. 2013). Further, when reviewing a non-Guidelines sentence, this Court considers the extent of the deviation from the Guidelines. *Id.*

"As a matter of administration and to secure nationwide consistency, the Guidelines should be the starting point and the initial benchmark." *Gall*, 552 U.S. at 49; *accord Molina-Martinez v. United States*, 136 S. Ct. 1338, 1346 (2016) ("[T]he Guidelines are not only the starting point for most federal sentencing proceedings but also the lodestar."). By law, the district court *must consider* the correct guideline range. *See* 18 U.S.C. § 3553(a)(4); *see United States v. Perez*, 669 F. App'x 196, 197 (5th Cir. 2016). If the district court truly believed the correct guideline range was "irrelevant" to its sentencing decision—as it stated on page 149 of the Record—then the court failed to consider the applicable Guidelines range.

## II.   Mr. Taylor preserves, for further review, the argument that his offense of attempted bank robbery was not a "crime of violence" for purposes of 18 U.S.C. § 924(c)(3)(A).

### A. The standard of review is de novo because Mr. Taylor filed a timely motion to dismiss the § 924(c) Count.

Mr. Taylor moved to dismiss Count Two because 18 U.S.C. § 924(c)(3)(B) was unconstitutional. (ROA.37–38). He acknowledged this Court's decision in *United States v. Brewer*, 848 F.3d 711 (5th Cir. 2017), which held that federal bank robbery has

15

as an element the use, attempted use, or threatened use of physical force against another person. He thus apprised the district court of his facial constitutional claim and preserved the issue for plenary review in this Court.

**B. Fifth Circuit precedent appears to foreclose any argument that his predicate offense would not qualify.**

1.      In *Brewer*, this Court held that substantive bank robbery counts as a "crime of violence" for purposes of a nearly identical elements clause in U.S.S.G. § 4B1.1. Mr. Taylor preserves, for further review, the argument that § 2113(a) is not categorically a crime of violence for purposes of 18 U.S.C. § 924(c)(3).

2.      While there may be some doubt about whether an *attempt* to commit that crime is categorically a crime of violence, Mr. Taylor's predicate offense also involved 18 U.S.C. § 2113(d). Mr. Taylor preserves, for further review, the argument that the "assault" provision of § 2113(d) falls outside the reach of § 924(c)(3)(A) because such an assault can be committed recklessly, and reckless assault is not a "use" of physical force "against" a victim.

3.      Mr. Taylor also preserves, for further review, the argument that the first and second paragraphs of § 2113(a) are indivisible. *But see United States v. Butler*, 949 F.3d 230 (5th 2020).

16

## Conclusion

This Court should vacate the sentence on Count One and the Conviction on Count Two.

Respectfully submitted,

Jason D. Hawkins
Federal Public Defender for the
Northern District of Texas

/s/ J. Matthew Wright
Assistant Federal Public Defender
Texas Bar No. 24058188
500 South Taylor Street, Suite 110
Amarillo, Texas 79101
Telephone:  (806) 324-2370
Matthew_Wright@fd.org

*Attorneys for Mr. Taylor*

## Certificate of Service

I filed this brief via the Court's ECF system on July 6, 2020.

/s/ J. Matthew Wright

## Certificate of Compliance

1.  This document complies with the type-volume limit of Fed. R. App. P. 32(a)(7)(B)(i) because the document contains 3,426 words, exclusive of exempted portions.

2.  This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this document has been prepared in proportionally spaced typeface using Microsoft Word 2016 in 14-point Goudy Old Style font, with footnotes in 12-point.

/s/ J. Matthew Wright