# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

February 5, 2021

Lyle W. Cayce
Clerk

No. 19-10261

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

BLAKE TAYLOR,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:18-CR-231-1

Before STEWART, HIGGINSON, and WILSON, *Circuit Judges*.
STEPHEN A. HIGGINSON, *Circuit Judge*:*

Blake Taylor appeals his above-guidelines sentence following his guilty plea to one count of attempted bank robbery and one count of using, carrying, brandishing, and discharging a firearm during and in relation to a crime of violence. We AFFIRM.

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 19-10261

I.

Codefendants Taylor and Desmond Wells were charged in a two-count indictment for attempted bank robbery, in violation of 18 U.S.C. § 2113(a) and (d), and using, carrying, brandishing, and discharging a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(iii). Taylor pleaded guilty to both counts without a plea agreement.

In his plea, Taylor admitted that on July 19, 2018, he and Wells entered the Veritex Community Bank in Fort Worth, Texas, while wearing gloves and dark clothing to conceal their identities. Once inside, Wells demanded money from a bank teller. Seconds later, Taylor began firing a handgun, shooting and injuring three employees. Taylor and Wells then fled the bank without obtaining any money.

A witness photographed Taylor and Wells driving away in a Fiat. Police traced the car's registration to a residence shared by Taylor and his mother, at which they found the vehicle in an adjacent driveway. A search of the residence revealed a pistol and ammunition matching the shell casings left at the bank, as well as dark clothing and latex gloves matching those worn by Taylor and Wells. Taylor was arrested and subsequently confessed that he and Wells robbed the bank. Wells was arrested the next day. He told officers that Taylor had asked him to assist in a bank robbery, had planned the robbery and told him what to do, had supplied the dark clothing and gloves, and had carried the pistol.

The Presentence Investigation Report (PSR) calculated Taylor's base offense level as 20 for the attempted bank robbery count, and applied enhancements totaling ten levels, including a two-level leadership role enhancement under U.S.S.G. § 3B1.1(c). The PSR also recommended a three-level reduction for acceptance of responsibility pursuant to U.S.S.G.

No. 19-10261

§ 3E1.1, yielding a total offense level of 27. Taylor's criminal history category was IV, which resulted in an advisory guidelines range of 100 to 125 months for the attempted robbery count. The firearm count carried a mandatory minimum ten-year consecutive sentence. *See* 18 U.S.C. § 924(c)(1)(A)(iii). The PSR also advised that an upward departure may be warranted based on the seriousness of the injuries sustained by the three bank employees pursuant to U.S.S.G. § 5K2.2, or an upward variance based on Taylor's extensive criminal history and the other statutory factors pursuant to 18 U.S.C. § 3553(a).

Taylor objected to the leadership enhancement and argued that Wells's statements to the police officers were unreliable because Wells had been deemed incompetent to stand trial.[1] Taylor also requested disclosure of Wells's competency evaluation, which was denied. In a pre-sentencing order, the district court tentatively overruled Taylor's objection to the leadership enhancement and disagreed with the acceptance of responsibility reduction "because of his conduct in frivolously denying that there is reliable evidence establishing his leadership." The district court also indicated that a term of imprisonment significantly above the guidelines range would be appropriate.

After additional argument at sentencing, the district court again overruled Taylor's objections and reiterated the conclusions stated in its pre-sentencing order. As to the leadership adjustment, the court noted that even without considering Wells's testimony, "other evidence"—including the handgun, dark clothing, latex gloves, and car found at Taylor's residence and

---

[1] Wells was subsequently deemed competent, pleaded guilty to attempted bank robbery, and was sentenced to 210 months' imprisonment. Wells's appeal of his conviction and sentence remains pending. *See* Judgment, *United States v. Wells*, No. 4:18-cr-231-2, ECF 140 at 1 (N.D. Tex., Oct. 16, 2020), *appeal docketed*, No. 20-11078 (5th Cir. Oct. 23, 2020).

No. 19-10261

Taylor's subsequent confession—was "sufficient for the conclusion to be reached that Taylor was in charge of and did formulate the plan."[2] The district court also declined to apply the acceptance of responsibility deduction because Taylor's "denial that he was the leader is a frivolous denial." The court then calculated the total offense level for the attempted robbery count to be 30 (instead of 27), which yielded an advisory imprisonment range of 135 to 168 months, to be followed by a mandatory minimum of ten years (120 months) for the firearm count.

Following Taylor's allocution, presentation of evidence including video from inside the bank of the shooting, testimony on behalf of the injured victims, and additional argument as to whether an above-guidelines sentence was appropriate, the court varied upwards and imposed a sentence of 540 months' imprisonment: 180 months for the attempted robbery and a consecutive sentence of 360 months for the firearm count. The district court specifically referred to Taylor's extensive criminal history and escalating offenses since age 15 to explain these sentences, concluding that "there is a serious risk that he would continue to engage in his activities . . . if he were to be released after serving no more than the guideline range" and that he needed to be removed from society "until he's well up in years[.]"

The district court added:

> [This] is the same sentence I would be imposing even if the [c]ourt had not denied acceptance of responsibility of the reduction . . . and even if the [c]ourt had sustained the objection relative to the leadership role. Those factors are

---

[2] The district court also rejected Taylor's argument that Wells's competency had "any significance to whether or not he would be telling the truth about the facts that determine the leadership role," which was corroborated by the evidence found at Taylor's residence.

No. 19-10261

really irrelevant to the decision the [c]ourt's made as to what the sentence should be in this case.

Judgment was entered on February 24, 2019. This appeal timely followed.

## II.

We review the reasonableness of a sentencing decision in two phases. *Gall v. United States*, 552 U.S. 38, 51 (2007). First, we must "ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range." *Id.* If there is no procedural error, or if the procedural error is harmless, we review the substantive reasonableness of the imposed sentence for abuse of discretion. *United States v. Delgado-Martinez*, 564 F.3d 750, 751 (5th Cir. 2009) (citing *Gall*, 552 U.S. at 51). We review the district court's application of the guidelines de novo and its factual findings for clear error. *Id.* at 751.

## III.

Taylor argues that the district court erred in imposing the leadership role enhancement and in denying the acceptance of responsibility deduction. As to the former, Taylor argues that the district court erroneously relied on Wells's statements to apply the two-level enhancement. As to the latter, he argues that the district court erroneously denied him the deduction because he objected only to the legal characterization of his leadership role, and not the facts concerning his role in the robbery. *See United States v. Patino-Cardenas*, 85 F.3d 1133, 1136 (5th Cir. 1996); U.S.S.G. § 3E1.1, cmt. n.1(A).

We need not decide whether the district court erred in imposing either adjustment because any such error was harmless. Here, the government "convincingly demonstrates both (1) that the district court would have imposed the same sentence had it not made the error, and (2) that it would

have done so for the same reasons it gave at the prior sentencing." *United States v. Ibarra-Luna*, 628 F.3d 712, 714 (5th Cir. 2010).

The district court unequivocally stated that it would impose the same sentence even if it erred in its guidelines range calculation. *Id.*; *see also United States v. Castro-Alfonso*, 841 F.3d 292, 298–99 (5th Cir. 2016). Moreover, the district court provided extensive reasons for imposing Taylor's above-guidelines sentence based on Taylor's prior offenses and to protect the public from further crimes, none of which was contingent on the enhancements challenged here. *See United States v. Redmond*, 965 F.3d 416, 421 (5th Cir. 2020) ("[T]he court's sentence was based on 'independent factors,' particularly [the defendant's] previous conviction and his pending [state] charge. . . . Based on the transcript, it is clear that the district court would have imposed the same above-Guidelines . . . sentence . . . for the same reasons." (quoting *Ibarra-Luna*, 628 F.3d at 719)), *petition for cert. filed*, No. 20-6631 (U.S. Dec. 10, 2020).

Taylor counters that the errors were not harmless because the district court might nonetheless sentence him to a lesser term of imprisonment on remand if his guidelines were fixed to a lower starting point. Taylor's assertion is unavailing, *see id.* at 421–22, and is further belied by the district court's statement that even a 540-month sentence was "conservative."

Taylor next contends the district court erroneously disregarded the guidelines because at one point the district court referred to the disputed calculations as "irrelevant" to its sentencing decision, and thus the imposed sentence was substantively and procedurally unreasonable. Taylor further urges that the district court failed to consider "a factor that should have received significant weight"—namely, the correct guidelines range. *See United States v. Chandler*, 732 F.3d 434, 437 (5th Cir. 2013); 18 U.S.C. § 3553(a)(4).

No. 19-10261

While a sentencing court errs if it neglects to consider the guidelines at all, *see Gall*, 552 U.S. at 51, that is not what occurred here. The record shows the district court considered the PSR, addressed Taylor's objections, calculated a guidelines range, and received evidence and additional argument before imposing an above-guidelines sentence. Nor does Taylor argue on appeal—or the record indicate otherwise—that the district court relied on an irrelevant or improper factor or erred in balancing the sentencing factors pursuant to 18 U.S.C. § 3553(a) when it varied upwards. *See United States v. Smith*, 440 F.3d 704, 708–09 (5th Cir. 2006); *Redmond*, 965 F.3d at 423.[3]

Next, Taylor contends that the district court erred in denying his motions to disclose Wells's competency report. Taylor claims that the district court's denial violated his right to due process at sentencing and the requirements of *Brady v. Maryland*, 373 U.S. 83 (1963). Specifically, he contends that Wells's competency report may have contained relevant impeachment information.

However, Taylor at most speculates that despite the district court's ruling, after *in camera* review, that the "contents of the report . . . would not benefit Taylor," the competency report nonetheless contained impeachment evidence relevant—and favorable—to his sentencing. In addition to this being conjecture, the district court had observed Wells and, additionally, confirmed that its sentencing determination rested on independent evidence corroborating Wells's statements.

---

[3] Taylor preserved his challenge to the substantive reasonableness of his sentence by advocating for a within-guidelines sentence and objecting to the court's upward variance at sentencing. *See Holguin-Hernandez v. United States*, 140 S. Ct. 762, 766–67 (2020). On appeal, Taylor does not argue that the imposed sentence is contrary to 18 U.S.C. § 3553(a), or that his consecutive 360-month sentence for the firearm count is otherwise unreasonable, thereby abandoning any such argument on appeal. *See United States v. Still*, 102 F.3d 118, 122 n.7 (5th Cir. 1996); *Beasley v. McCotter*, 798 F.2d 116, 118 (5th Cir. 1986).

No. 19-10261

Lastly, Taylor asserts he is preserving arguments that bank robbery under § 2113(a) is not categorically a crime of violence under § 924(c)(3); that § 2113(d) is not categorically within the definition of a § 924(c)(3) crime of violence; and that the first and second paragraphs of § 2113(a) are indivisible. As Taylor concedes, these arguments are foreclosed by our court's precedents. *See United States v. Smith*, 957 F.3d 590, 593–94 (5th Cir.), *cert. denied*, 2020 WL 6551848 (U.S. Nov. 9, 2020) (No. 20-5871); *United States v. Butler*, 949 F.3d 230, 234 (5th Cir.), *cert. denied*, 141 S. Ct. 380 (2020).

## IV.

For the foregoing reasons, the district court's judgment of conviction and sentence is AFFIRMED.