IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

# CASE NUMBER 19-10261

UNITED STATES OF AMERICA,
*PLAINTIFF-APPELLEE.*,

V.

# BLAKE TAYLOR,
*DEFENDANT-APPELLANT.*

ON DIRECT APPEAL FROM THE UNITED STATES DISTRICT
COURT FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

# APPELLANT'S SUPPLEMENTAL BRIEF

JASON D. HAWKINS
FEDERAL PUBLIC DEFENDER

J. MATTHEW WRIGHT
ASSISTANT FEDERAL PUBLIC DEFENDER
500 South Taylor Street
Suite 110
Amarillo, Texas 79101
(806) 324-2370
Matthew_Wright@fd.org

*Counsel for Mr. Taylor*

## Table of Contents

Table of Authorities ........................................................................................................ iii

Supplemental Brief ........................................................................................................ 1

Background and Relevant Procedural History ............................................................ 1

Argument ...................................................................................................................... 5

I.   The district court erred when it denied Mr. Taylor's motion to dismiss the indictment. ...................................................................................................... 5

   A.   The standard of review is de novo because Mr. Taylor filed a timely motion to dismiss the § 924(c) Count. ...................................................... 5

   B.   Properly understood, attempted bank robbery under § 2113(a) is not a crime of violence under § 924(c)(3)(A). ............................................... 6

      1.   Substantive bank robbery by intimidation does not satisfy § 924(c)'s elements clause in light of recent authority. ................................. 7

      2.   (Preserved for further review) The first and second paragraphs of § 2113(a) define a single, indivisible offense. The second paragraph does not satisfy § 924(c)'s elements clause. ............................... 7

      3.   An attempt to commit a crime of intimidation like bank robbery does not satisfy § 924(c)'s elements clause. ............................... 8

   C.   Section 2113(d) does not require proof of specific intent and therefore cannot supply an element of the use, attempted use, or threatened use of physical force that is missing from § 2113(a). ........................................ 12

II.   If the Court agrees that Count One does not charge a "crime of violence" under § 924(c)'s elements clause, it should vacate Mr. Taylor's conviction on Count Two. ...................................................................................................... 15

Conclusion .................................................................................................................... 16

Certificate of Service .................................................................................................... 17

Certificate of Compliance ................................................................ 17

## Table of Authorities

**Cases**

*Borden v. United States,*
   141 S. Ct. 1817 (2021) ............................................. 4, 5, 12, 13

*Carter v. United States,*
   530 U.S. 255 (2000) ............................................................ 15

*Class v. United States,*
   138 S. Ct. 798 (2018) ........................................................... 6

*Gonzales v. Duenas-Alvarez,*
   549 U.S. 183 (2007) .............................................................. 7

*Prince v. United States,*
   352 U.S. 322 (1957) .............................................................. 8

*(Blake) Taylor v. United States,*
   142 S. Ct. 2862 (2022) ................................................. 1, 4, 16

*United States v. Armour,*
   840 F.3d 904 (7th Cir. 2016) ................................................ 2

*United States v. Bellew,*
   369 F.3d 450 (5th Cir. 2004) ......................................... 10, 11

*United States v. Benally,*
   146 F.3d 1232 (10th Cir.1998) ........................................... 13

*United States v. Bowens,*
   907 F.3d 347 (5th Cir. 2018) ............................................... 5

*United States v. Brewer,*
   848 F.3d 711 (5th Cir. 2017) ........................................... 2, 7

*United States v. Buck,*
   847 F.3d 267 (5th Cir. 2017) ........................................................................ 5

*United States v. Burris,*
   920 F.3d 942 (5th Cir. 2019), *cert. granted, judgment vacated*, 141 S.
   Ct. 2781 (2021) .............................................................................................. 4

*United States v. Butler,*
   949 F.3d 230 (5th Cir. 2020) ............................................................... 4, 7, 8

*United States v. Calbat,*
   266 F.3d 358 (5th Cir. 2001) ...................................................................... 13

*United States v. Credit,*
   95 F.3d 362 (5th Cir. 1996) .......................................................................... 6

*United States v. Davis,*
   139 S. Ct. 2319 (2019) ................................................................................ 13

*United States v. Davis,*
   237 F.3d 942 (8th Cir.2001) ........................................................................ 13

*United States v. Davis,*
   903 F.3d 483 (5th Cir. 2018) ........................................................................ 2

*United States v. Duffey,*
   456 F. App'x 434 (5th Cir. 2012) ............................................................... 12

*United States v. Feola,*
   420 U.S. 671 (1975) .................................................................................... 14

*United States v. Flores-Vasquez,*
   641 F.3d 667 (5th Cir. 2011) ........................................................................ 5

*United States v. Garner,*
   28 F.4th 678 (5th Cir. 2022) ....................................................................... 13

*United States v. Gomez Gomez,*
   23 F.4th 575 (5th Cir. 2022) ....................................................................... 12

*United States v. Jennings,*
    195 F.3d 795 (5th Cir. 1999) .................................................................. 5

*United States v. Jim,*
    865 F.2d 211 (9th Cir. 1989) ................................................................ 14

*United States v. Johnson,*
    899 F.3d 191 (3d Cir. 2018) ................................................................... 2

*United States v. Pervis,*
    937 F.3d 546 (5th Cir. 2019) .................................................................. 7

*United States v. Reece,*
    938 F.3d 630 (5th Cir. 2019) ............................................................. 5, 7

*United States v. Smith,*
    957 F.3d 590 (5th Cir. 2020). ......................................................... 4, 7, 8

*United States v. (Blake) Taylor,*
    844 F. App'x 705 (5th Cir. 2021)......................................................... 4, 8

*United States v. (Justin) Taylor,*
    142 S. Ct. 2015 (2022) ...............................................................*passim*

*United States v. Thornton,*
    539 F.3d 741 (7th Cir. 2008) ................................................................ 10

*United States v. Watson,*
    881 F.3d 782 (9th Cir. 2018) ................................................................... 2

*United States v. White,*
    258 F.3d 374 (5th Cir. 2001) .................................................................. 6

**Statutes**

18 U.S.C. § 16(a) ................................................................................. 12, 13

18 U.S.C. § 111 ......................................................................................... 14

18 U.S.C. § 113(a)(3).................................................................................. 13

18 U.S.C. § 924(c) .............................................................................*passim*

18 U.S.C. § 924(c)(1)(A)(iii) ................................................................ 2

18 U.S.C. § 924(c)(3)(A) ............................................................. 6, 9, 12

18 U.S.C. § 924(c)(3)(B) ................................................................. 2, 5

Armed Career Criminal Act, 18 U.S.C. § 924(e) .................................. 12

18 U.S.C. § 924(e)(3)(B)(i) ................................................................ 12

18 U.S.C. § 1951(a), (b)(1) ................................................................. 9

18 U.S.C. § 2113 ......................................................................... 9, 10

18 U.S.C. § 2113(a) .....................................................................*passim*

18 U.S.C. § 2113(d) .....................................................................*passim*

**Guidelines**

U.S.S.G. § 4B1.2(a)(1) ................................................................. 7, 13

## Supplemental Brief

This case returns to this Court on remand from the United States Supreme Court. *See (Blake) Taylor v. United States*, 142 S. Ct. 2862 (2022) (vacating this Court's earlier decision, 844 F. App'x 705 (5th Cir. 2021), "for further consideration in light of" the Supreme Court's decision in *United States v. (Justin) Taylor*, 142 S. Ct. 2015 (2022)). The Court requested a supplemental brief "addressing the Supreme Court's remand," and "specifically address[ing] the extent to which the Court's crime of violence analysis and discussion affect the issues in this case." (October 4 Order).

## Background and Relevant Procedural History

This case arose from a botched attempt at bank robbery. ROA.22; ROA.53. In July 2018, Appellant Blake Taylor and his co-defendant stormed into the Veritex Community Bank in Fort Worth with their "faces and hands" covered. ROA.53. The co-defendant "demanded money from bank employees and displayed a bag for the money. Seconds later, Taylor began firing a handgun, shooting three employees. Taylor and Wells fled the bank before obtaining any of the bank's money." ROA.53. The bank employees' injuries were severe, and some were debilitating. Police caught up with Mr. Taylor because a witness took a photo of the getaway car, and he confessed. ROA.179–180.

A federal grand jury charged Mr. Taylor and Wells with two offenses: (1) aggravated attempted bank robbery, in violation of 18 U.S.C. § 2113(a) and (d), and (2) brandishing and discharging a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(iii). ROA.22–23.

Mr. Taylor moved to dismiss Count Two, the 924(c) count. ROA.37–38. He argued that the "residual clause of § 924(c)(3)(B)" was "unconstitutionally vague," citing this Court's then-recent decision in *United States v. Davis*, 903 F.3d 483 (5th Cir. 2018), and argued that "Attempted Bank Robbery may fall within this same residual clause." ROA.37 & n.1. He conceded that this Court had held "that federal bank robbery categorically qualifies as a crime of violence under the force clause, not the residual clause." ROA.38 (citing the Sentencing Guidelines case *United States v. Brewer*, 848 F.3d 711 (5th Cir. 2017)). The Government argued in response that "attempted armed bank robbery" under § 2113(a) and § 2113(d) "qualifies as a crime of violence under the force clause" of § 924(c). ROA.43 (citing *United States v. Armour*, 840 F.3d 904 (7th Cir. 2016), *United States v. Watson*, 881 F.3d 782 (9th Cir. 2018), and *United States v. Johnson*, 899 F.3d 191 (3d Cir. 2018)). The district court denied the motion to dismiss. ROA.45.

Mr. Taylor then signed a written stipulation and pleaded guilty. ROA.51–53; ROA.85–111. He admitted that he and Wells, "by force and violence, or intimidation,

2

did attempt to take from the person and presence of another money belonging to and in the care, custody, control, management and possession of a bank, that is, the Veritex Community Bank," and that the bank was FDIC-insured. ROA.53. He also admitted that they "did assault, or put in jeopardy the life of another person, by the use of a dangerous weapon, that is a firearm." ROA.53. Finally, he admitted that he "did knowingly brandish, discharge, carry and use a firearm" during an attempted bank robbery, "as alleged in Count One of the Indictment." ROA.52–53.

The district court sentenced Mr. Taylor in February 2019. ROA.118–157. After the Government presented video of the shooting and photographs of the victims' severe injuries, ROA.135–139, two of the victims and a relative of the third addressed the court. ROA.139–145. The district court then sentenced Mr. Taylor to serve an aggregate sentence of 45 years in prison: 180 months on the attempted bank robbery count, followed by a consecutive term of 360 months on the § 924(c) count. ROA.150. Without the § 924(c) conviction, the maximum possible sentence on Count One would be 25 years in prison, i.e., 300 months. *See* 18 U.S.C. § 2113(d).

On appeal, Mr. Taylor renewed his argument that Count One was not a "crime of violence" without the unconstitutional residual clause. He conceded that the argument "appears to be foreclosed by current Fifth Circuit law." (Taylor Initial Br. 16). At the time he filed the brief—July 6, 2020—Fifth Circuit precedent held "that a predicate

3

attempt offense that includes the specific intention to commit a [crime of violence] and a substantial step in an effort to bring about or accomplish that COV, is in and of itself a COV under the elements clause." *United States v. Smith*, 957 F.3d 590, 596 (5th Cir. 2020), *cert. denied*, 141 S. Ct. 828 (2020), *abrogated by Justin Taylor*, 142 S. Ct. at 2020–21. During the first appeal, the Court was likewise bound by the contention "that reckless conduct constitutes the use of physical force." *United States v. Burris*, 920 F.3d 942, 952 (5th Cir. 2019), *cert. granted, judgment vacated*, 141 S. Ct. 2781 (2021), and *abrogated by Borden v. United States*, 141 S. Ct. 1817 (2021). Finally, Fifth Circuit precedent foreclosed Mr. Taylor's argument that the two paragraphs in § 2113(a) de-fined a single offense. *See United States v. Butler*, 949 F.3d 230, 234 (5th Cir. 2020)).

On February 5, 2021, this Court affirmed Mr. Taylor's conviction and sentence. *United States v. (Blake) Taylor*, 844 F. App'x 705, 710 (5th Cir. 2021) (citing *Smith*, 957 F.3d at 593–94, and *Butler*, 949 F.3d at 234 (5th Cir. 2020)). The Supreme Court decided *Borden* on June 10, 2021, and *Justin Taylor* on June 21, 2022. Six days later, the Court granted Mr. Taylor's petition for certiorari, vacated this Court's prior decision, and remanded for further consideration in light of *Justin Taylor*. *See (Blake) Taylor v. United States*, 142 S. Ct. 2862 (2022).

## Argument

### I. The district court erred when it denied Mr. Taylor's motion to dismiss the indictment.

The Supreme Court's intervening decisions in *Justin Taylor* and *Borden* have cast this case in an entirely new light. The Court should now engage in *de novo* review to decide whether "the least culpable conduct" prohibited by the aggravated attempted bank robbery statute, 18 U.S.C. § 2113(a) & (d), requires proof of the use, attempted use, or threatened use of physical force against the person or property of another. *United States v. Reece*, 938 F.3d 630, 636 (5th Cir. 2019), as revised (Sept. 30, 2019). Under the categorical approach, the Court "look[s] only to the statutory definitions—i.e., the elements—of a defendant's offense, and not to the particular facts underlying the convictions." *United States v. Buck*, 847 F.3d 267, 274 (5th Cir. 2017).

### A. The standard of review is de novo because Mr. Taylor filed a timely motion to dismiss the § 924(c) Count.

Mr. Taylor moved to dismiss Count Two because 18 U.S.C. § 924(c)(3)(B) was unconstitutional, and without that provision, attempted bank robbery is not a "crime of violence." ROA.37–38. He thus apprised the district court of his facial constitutional claim and preserved the statutory interpretation issue for plenary review in this Court. *See, e.g., United States v. Bowens*, 907 F.3d 347, 351 & n.3 (5th Cir. 2018) (citing *United States v. Flores-Vasquez*, 641 F.3d 667, 669 (5th Cir. 2011); *United States v. Jennings*,

5

195 F.3d 795, 797 (5th Cir. 1999); *United States v. Credit*, 95 F.3d 362, 364 (5th Cir. 1996).[1]

### B. Properly understood, attempted bank robbery under § 2113(a) is not a crime of violence under § 924(c)(3)(A).

Title 18 of the United States Code, Section 2113(a) provides:

> (a) Whoever, by force and violence, or by intimidation, takes, or attempts to take, from the person or presence of another, or obtains or attempts to obtain by extortion any property or money or any other thing of value belonging to, or in the care, custody, control, management, or possession of, any bank, credit union, or any savings and loan association; or

> Whoever enters or attempts to enter any bank, credit union, or any savings and loan association, or any building used in whole or in part as a bank, credit union, or as a savings and loan association, with intent to commit in such bank, credit union, or in such savings and loan association, or building, or part thereof, so used, any felony affecting such bank, credit union, or such savings and loan association and in violation of any statute of the United States, or any larceny—

> Shall be fined under this title or imprisoned not more than twenty years, or both.

---

[1] Mr. Taylor's guilty plea did not waive his challenge. His motion challenged "the Government's power to criminalize [his] (admitted) conduct" as well as "the Government's power to 'constitutionally prosecute' him." *Class v. United States*, 138 S. Ct. 798, 804 (2018). He preserved for further appellate review the claim that Count One was not a proper predicate for 18 U.S.C. § 924(c) liability without the unconstitutional residual clause. ROA.37–38. The challenge is "consistent with [his] knowing, voluntary, and intelligent admission that he did what the indictment alleged," that is, brandished a firearm in furtherance of an aggravated attempted bank robbery. *Class*, 138 S. Ct. at 804. Even without the facial constitutional challenge, the statutory arguments preserved in the motion also survive an unconditional plea. *United States v. White*, 258 F.3d 374, 379–80 (5th Cir. 2001).

### 1. Substantive bank robbery by intimidation does not satisfy § 924(c)'s elements clause in light of recent authority.

This Court has held or stated in the past that substantive or completed bank robbery by intimidation has, as an element, the threatened use of physical force against the person of another. *Smith*, 957 F.3d at 593–94; *Reece*, 938 F.3d at 637. *United States v. Pervis*, 937 F.3d 546, 553 (5th Cir. 2019); *cf. Brewer*, 848 F.3d at 715–16 (applying § 4B1.2). *Justin Taylor* makes two points that were nonobvious in those previous cases. First, the meaning of "threatened use of physical force" means that a *communicated intent* to use force. 142 S. Ct. at 2023. Second, when a federal court is evaluating whether a *federal* crime satisfies § 924(c)'s elements clause, the "realistic probability" inquiry of *Gonzales v. Duenas-Alvarez*, 549 U.S. 183 (2007), simply does not apply. *Justin Taylor*, 142 S. Ct. at 2024–25. In light of those two clarifications, this Court should revisit its decisions beginning with *Brewer* holding that a bank robbery by intimidation requires proof of a threatened use of physical force against another person.

### 2. (Preserved for further review) The first and second paragraphs of § 2113(a) define a single, indivisible offense. The second paragraph does not satisfy § 924(c)'s elements clause.

In *United States v. Butler*, 949 F.3d 230, 236 (5th Cir. 2020), this Court rejected the defendant's argument that the first and second paragraphs of § 2113(a) define a single, indivisible offense. Mr. Taylor urges the Court to hold otherwise in light of

*Prince v. United States*, 352 U.S. 322 (1957), but he acknowledges that this may still be foreclosed by *Butler*.

### 3. An attempt to commit a crime of intimidation like bank robbery does not satisfy § 924(c)'s elements clause.

In *Smith*, this Court accepted the Government's argument and "joined" other circuits' holding that an attempt to commit a crime of violence "is in and of itself a COV under the elements clause" if the attempt crime requires proof of "the specific intention to commit a COV and a substantial step in an effort to bring about or accomplish that COV." 957 F.3d at 593–94. In its earlier disposition of this case, the Court held that *Smith* "foreclosed" the contrary argument. 844 F. App'x at 710.

In *Justin Taylor*, the Supreme Court unequivocally overruled *Smith*: "The government's syllogism rests on a false premise." 142 S. Ct. at 2022. Congress did not draft § 924(c)'s elements clause to include all COVs *and* all attempts to commit COVs. The prevail here, the Government needs to show that the attempt predicate satisfies the § 924(c) elements clause.

The Government should fail at that task. The statute at issue in *Justin Taylor*—attempted and completed Hobbs Act robbery—is very similar to the statute at issue here, attempted and completed bank robbery:

| (a) Whoever in any way or degree obstructs, delays, or affects commerce or | (a) Whoever, by force and violence, or by intimidation, takes, or at- |
|---|---|

the movement of any article or commodity in commerce, by robbery or extortion or attempts or conspires so to do, or commits or threatens physical violence to any person or property in furtherance of a plan or purpose to do anything in violation of this section shall be fined under this title or imprisoned not more than twenty years, or both.

(b) As used in this section--

(1) The term "robbery" means the unlawful taking or obtaining of personal property from the person or in the presence of another, against his will, by means of actual or threatened force, or violence, or fear of injury, immediate or future, to his person or property, or property in his custody or possession, or the person or property of a relative or member of his family or of anyone in his company at the time of the taking or obtaining.

18 U.S.C. § 1951(a), (b)(1).

tempts to take, from the person or presence of another, or obtains or attempts to obtain by extortion any property or money or any other thing of value belonging to, or in the care, custody, control, management, or possession of, any bank, credit union, or any savings and loan association;

\* \* \* \*

Shall be fined under this title or imprisoned not more than twenty years, or both.

18 U.S.C. § 2113 (West)

In both statutes, the completed crime can be accomplished by making a victim feel fear or harm. Even assuming that makes the completed crime equivalent to the "threatened use of physical force against" the victim, § 924(c)(3)(A), the *attempted* crime does not require an attempted use of physical force. As *Justin Taylor* held, attempted Hobbs Act robbery has two elements: "(1) The defendant intended to unlawfully take or obtain personal property by means of actual or threatened force, and

9

(2) he completed a 'substantial step' toward that end." 142 S. Ct. at 2020. Neither of those elements required proof of attempted or threatened use of physical force: "Whatever one might say about completed Hobbs Act robbery, attempted Hobbs Act robbery does not satisfy the elements clause." *Id.*

Admittedly, this reasoning is in tension with this Court's decision in *United States v. Bellew*, 369 F.3d 450 (5th Cir. 2004). *Bellew* interpreted § 2113(a)'s attempt provision in a way that conflicted with other circuits' authoritative decisions:

> One reading of the first paragraph of Section 2113(a) is that a defendant must actually commit an act of intimidation while wrongfully taking or attempting to take money from the presence of a person at a bank. That is, the attempt only relates to the taking, not the intimidation. Another reading, urged by the government, is that all that is required to violate the statute is for a defendant to attempt to intimidate while attempting to rob a bank. The issue has been squarely addressed in published opinions in two circuits. Both circuits held that an attempt to intimidate was sufficient for conviction.
>
> We find the "actual act of intimidation" reading to be the most natural reading of the text. This reading is supported by relevant binding case law. We, therefore, reject the opposing interpretation given this text by our sister circuits.

369 F.3d at 454.

To the extent that is still the law of this circuit, it is the subject of an entrenched and acknowledged circuit split. *See United States v. Thornton*, 539 F.3d 741, 747 (7th

10

Cir. 2008) (agreeing with this Court that, even in an attempt prosecution, the Government must prove actual, completed force and violence or actual, completed intimidation, but acknowledging contrary decisions in the "Second, Fourth, Sixth, and Ninth Circuits"). Unless its position has changed, the Government has always opposed this Court's interpretation of § 2113(a) attempt liability.

Mr. Taylor submits that this does not require affirmance of the decision below. First, he would renew his argument that "intimidation" does not require proof of a communicated intent to use force. Second, he urges the Court to hold that an attempt to commit a bank-robbery-by-intimidation is covered by § 2113(a), even if the would-be robbers are stopped just outside the bank and before they have intimidated or threatened anyone. Third, the plain text of § 2113(d)—discussed further below—applies whenever the defendant either assaults a victim or places a victim's life in danger with a dangerous weapon "in committing, *or in attempting to commit*, any offense defined in subsections (a) and (b)." 18 U.S.C. § 2113(d) (emphasis added). In other words, even if (as *Bellew* held) an attempt to rob accompanied by a mere attempt to intimidate would not be unlawful under § 2113(a) alone, it would still be "an attempt[ ] to commit" an "offense defined in subsection (a), and therefore would support liability under § 2113(d). A panel of this Court rejected this argument when the Government made

11

it in the unpublished decision *United States v. Duffey*, 456 F. App'x 434, 443 (5th Cir.

2012). But *Duffey* is not binding.

**C. Section 2113(d) does not require proof of specific intent and therefore cannot supply an element of the use, attempted use, or threatened use of physical force that is missing from § 2113(a).**

The indictment charged (and Mr. Taylor pleaded guilty to) an offense under

§ 2113(a) *and* (d). ROA.22. Subsection (d) provides:

> (d) Whoever, in committing, or in attempting to commit, any of-
> fense defined in subsections (a) and (b) of this section, assaults any
> person, or puts in jeopardy the life of any person by the use of a
> dangerous weapon or device, shall be fined under this title or im-
> prisoned not more than twenty-five years, or both.

18 U.S.C. § 2113(d). The better reading of this language would recognize that

deadly weapon assault *and* deadly weapon putting-in-jeopardy allow conviction if the

defendant was reckless. That would not satisfy § 924(c)'s elements clause, either.

In *Borden v. United States*, 141 S. Ct. 1817 (2021), the Supreme Court held that

"offenses criminalizing reckless conduct" do not have "as an element the use, at-

tempted use, or threatened use of physical force against the person of another." *Id.* at

1825 (plurality); 1835 (Thomas, J., concurring in the judgment). Though *Borden* arose

in the context of the Armed Career Criminal Act, *see* 18 U.S.C. § 924(e)(3)(B)(i), its

textual analysis governs related provisions like 18 U.S.C. § 16(a) and § 924(c)(3)(A).

*See*, e.g., *United States v. Gomez Gomez*, 23 F.4th 575, 577 (5th Cir. 2022) (applying the

reasoning of *Borden* in the context of § 16(a)); *see also United States v. Davis*, 139 S. Ct. 2319, 2330 (2019) (recognizing that Congress "copied and pasted the definition" of "crime of violence" "from § 16" into § 924(c)(3)).

Following *Borden*, this Court recognized that "general intent" crimes do not have "the use of physical force *against* another" as an element where "general intent" reaches crimes of negligence or recklessness like drunk-driving. *United States v. Garner*, 28 F.4th 678, 682 (5th Cir. 2022) (holding that the identical language used in U.S.S.G. § 4B1.2(a)(1) "exclude[s] crimes that can be committed negligently or recklessly").

Section 2113(d) is silent about the *mens rea* necessary to prove the "assaults" or "puts in danger" means of committing the offense. But this Court has previously interpreted the verb "assault" to require only general intent where it is not accompanied by language explicitly requiring specific intent. *See United States v. Calbat*, 266 F.3d 358, 363 (5th Cir. 2001) (interpreting 18 U.S.C. § 113(a)(3) in light of *United States v. Davis*, 237 F.3d 942, 944 (8th Cir.2001), and *United States v. Benally*, 146 F.3d 1232, 1237–38 (10th Cir.1998)). The fact that Congress specified additional specific "intent" elements in several subsection of § 113(a) strongly suggests that the verb "assault," alone, does not require proof of specific intent. Section 113(a)(3) in particular requires proof that "Assault with a dangerous weapon" be accompanied by "intent to do bodily harm." 18 U.S.C. § 113(a)(3).

13

The assault-of-a-federal-agent statute, 18 U.S.C. § 111, presents a similar interpretive quandary. As a starting point, the Supreme Court held that the statute requires proof of an intent to assault, but not an intent to assault a federal officer:

> We conclude, from all this, that in order to effectuate the congressional purpose of according maximum protection to federal officers by making prosecution for assaults upon them cognizable in the federal courts, § 111 cannot be construed as embodying an unexpressed requirement that an assailant be aware that his victim is a federal officer. *All the statute requires is an intent to assault, not an intent to assault a federal officer.* A contrary conclusion would give insufficient protection to the agent enforcing an unpopular law, and none to the agent acting under cover.

*United States v. Feola*, 420 U.S. 671, 684 (1975) (emphasis added). The Circuits appear to be split over whether this is a *specific* intent to assault, or a general intent that could be satisfied by proof of recklessness, and it might be said that decisions within particular circuits are in tension with one another. *See United States v. Jim*, 865 F.2d 211, 213 (9th Cir. 1989) ("Circuits that have considered the issue whether § 111 is a specific or general intent offense differ in their interpretation of the Court's 'intent to assault' and 'criminal intent' language.").

At a minimum, this conflict confirms that "assault" alone does not necessarily require specific intent. And what is true of assault is even more true of "puts [a life] in jeopardy"—an alternative focused solely on risk, danger, and possible results. 18 U.S.C. § 2113(d).

14

In *Carter v. United States*, 530 U.S. 255, 267–71 (2000), the Supreme Court held that bank robbery is a general intent crime, and that there is no need to prove a specific intent to steal because that *mens rea* is not necessary to separate innocent conduct from unlawful conduct. That logic would seem to foreclose any suggestion that a mental state more culpable than recklessness is necessary under § 2113(d).

At the end of the day, this is a question of how best to interpret § 2113(a) and (d). The Government cannot have it both ways. If the statues always require proof of threatened used of physical force and/or violence that purposefully targets the victim, then it will be harder for the Government to secure conviction under those crimes. If, on the other hand, the Government can secure conviction for aggravated attempted bank robbery under § 2113(a) and (d) proving only recklessness as to the risk of harm, and without proving an actual, attempted, or threatened use of physical force against the victim (or the victim's property), then the Court should vacate Mr. Taylor's § 924(c) conviction.

## II.  If the Court agrees that Count One does not charge a "crime of violence" under § 924(c)'s elements clause, it should vacate Mr. Taylor's conviction on Count Two.

If—as this supplemental brief argues—Count One did not charge a "crime of violence" without the benefit of § 924(c)'s unconstitutional residual clause, this Court should vacate Mr. Taylor's conviction on Count Two and dismiss that count of the

indictment against him. Mr. Taylor acknowledges that the Government may want to seek re-sentencing on Count One in that event. He reserves the right to respond more fully in reply if the Government makes that request.

## Conclusion

This Court should vacate the conviction on Count Two and dismiss that count of the indictment.

Respectfully submitted,

Jason D. Hawkins
Federal Public Defender for the
Northern District of Texas

/s/ J. Matthew Wright
Assistant Federal Public Defender
Texas Bar No. 24058188
500 South Taylor Street, Suite 110
Amarillo, Texas 79101
Telephone: (806) 324-2370
Matthew_Wright@fd.org

*Attorneys for Mr. Taylor*

## Certificate of Service

I filed this brief via the Court's ECF system on December 12, 2022.

/s/ J. Matthew Wright

## Certificate of Compliance

1.  This document complies with the type-volume limit of Fed. R. App. P. 32(a)(7)(B)(i) because the document contains 3,945 words, exclusive of exempted portions.

2.  This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this document has been prepared in proportionally spaced typeface using Microsoft Word 2016 in 14-point Goudy Old Style font, with footnotes in 12-point.

/s/ J. Matthew Wright

17