# 19-10261

---

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

---

**UNITED STATES OF AMERICA,**
                    Plaintiff-Appellee

v.

**BLAKE TAYLOR,**
                    Defendant-Appellant

---

On Appeal from the United States District Court
For the Northern District of Texas
Fort Worth Division
District Court No. 4:18-CR-231-A

---

**APPELLEE'S SUPPLEMENTAL BRIEF**

---

Leigha Simonton
United States Attorney

Ryan P. Niedermair
Assistant United States Attorney
Texas Bar No. 24116828
1100 Commerce Street, Third Floor
Dallas, Texas 75242
Telephone: (214) 659-8725
ryan.niedermair@usdoj.gov

Attorneys for Appellee

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ........................................................................ii

INTRODUCTION ................................................................................... 1

ARGUMENT AND AUTHORITIES........................................................ 3

The district court did not err—plainly or otherwise—in denying Taylor's motion to dismiss his Section 924(c) charge............................. 3

A. Attempted armed bank robbery is a crime of violence under Section 924(c) because it requires the actual or threatened use of force. ..................................................................... 5

B. Any error by the district court in qualifying attempted armed bank robbery as a crime of violence is unclear and nonobvious........................................................................ 9

C. If the district court plainly erred, then this Court should remand for resentencing on Taylor's attempted armed bank robbery conviction.................................................. 10

CONCLUSION.................................................................................... 13

CERTIFICATE OF SERVICE ............................................................... 13

CERTIFICATE OF COMPLIANCE........................................................ 14

## TABLE OF AUTHORITIES

**Federal Cases**                                                                                                     **Page(s)**

*Borden v. United States*, 141 S. Ct. 1817 (2021) ................................................... 9

*Burger v. United States*, 454 F.2d 723 (5th Cir. 1972) .......................................... 9

*Puckett v. United States*, 566 U.S. 129 (2009) ..................................................... 10

*United States v. Alcantar*, 733 F.3d 143 (5th Cir. 2013) ....................................... 8

*United States v. Bellew*, 369 F.3d 450 (5th Cir. 2004) .......................................... 7

*United States v. Blake Taylor*, 844 F. App'x 705 (5th Cir. 2021),
    *vacated,* 142 S. Ct. 2862 (2022) ..................................................................... 1

*United States v. Brewer*, 848 F.3d 711 (5th Cir. 2017) .......................................... 8

*United States v. Butler*, 949 F.3d 230 (5th Cir. 2020) ........................................... 7

*United States v. Cotton*, 535 U.S. 625 (2002) ....................................................... 9

*United States v. Davis*, 139 S.Ct. 2319, 2336 (2019) ........................................... 11

*United States v. Duffey*, 456 F. App'x 434 (5th Cir. 2012) ................................... 9

*United States v. Escalante-Reyes*, 689 F.3d 415 (5th Cir. 2012) ......................... 10

*United States v. Fernandez*, 559 F.3d 303 (5th Cir. 2009) ................................... 3

*United States v. Fletcher*, 121 F.3d 187 (5th Cir. 1997) ....................................... 9

*United States v. Higdon*, 832 F.2d 312 (5th Cir. 1987) ......................................... 8

*United States v. Jackson*, 549 F.3d 963 (5th Cir. 2008) ...................................... 10

*United States v. Justin Taylor*, 142 S. Ct. 2015 (2022) ............................. 1, 2, 6, 7

*United States v. Lewis*, 907 F.3d 891 (5th Cir. 2018) ................................... 3, 4, 5

**Federal Cases, continued** **Page(s)**

*United States v. McRae*, 795 F.3d 471 (5th Cir. 2015)................................11, 12

*United States v. Mondragon-Santiago*, 564 F.3d 357 (5th Cir. 2009) ....................4

*United States v. Narez-Garcia*, 819 F.3d 146 (5th Cir. 2016) ..............................4

*United States v. Pervis*, 937 F.3d 546 (5th Cir. 2019) .........................................6

*United States v. Smith*, 957 F.3d 590 (5th Cir. 2020) .........................................6

*United States v. Wikkerink*, 841 F.3d 327 (5th Cir. 2016)...................................3

**Federal Statutes**

18 U.S.C. § 924(c)(1)(A) ...............................................................................5

18 U.S.C. § 924(c)(3) ...................................................................................6

**INTRODUCTION**

After shooting three people during a botched bank robbery, Blake Taylor was indicted on one count of attempted armed bank robbery in violation of 18 U.S.C. §§ 2113(a) and (d), and one count of discharging a firearm during and in relation to a crime of violence (the attempted armed bank robbery), in violation of 18 U.S.C. § 924(c)(1)(A)(iii). (ROA.22; 177-79.) Taylor initially moved to dismiss his Section 924(c) count, contending that "the residual clause of § 924(c)(1)(B) has been determined to be unconstitutionally vague and Attempted Bank Robbery may fall within this same residual clause." (ROA.37-38.) However, Taylor conceded that this Court's precedent foreclosed his argument that federal bank robbery falls under Section 924(c)'s residual clause. (ROA.38.) The district court thus denied his motion, and Taylor pled guilty to both counts of his indictment. (ROA.45, 50.) The district court later imposed sentences of 180 months on the robbery conviction and 360 months on the robbery conviction, for an aggregate sentence of 540 months' imprisonment. (ROA.76)

After this Court affirmed Taylor's conviction and sentence, *see United States v. Blake Taylor*, 844 F. App'x 705 (5th Cir. 2021), *vacated*, 142 S. Ct. 2862 (2022), the Supreme Court remanded the case for further consideration in light of its decision in *United States v. Justin Taylor*, 142 S. Ct. 2015 (2022). In that case, the Supreme Court held that attempted Hobbs Act robbery (18 U.S.C. §

1

1951) does not constitute a crime of violence under Section 924(c)'s elements clause (Section 924(c)(3)(A)) because it does not require the government to prove that the defendant used, attempted to use, or threatened to use force. *Justin Taylor*, 142 S. Ct. at 2020.  The Supreme Court explained that, while completed Hobbs Act robbery requires proof that the defendant used actual or threatened force, attempted Hobbs Act robbery does not.  *Id.*  Instead, the government can obtain an attempted Hobbs Act robbery conviction by showing that the defendant merely intended to use actual or threatened force during a robbery and took a substantial step towards carrying out the crime. *Id.*  But because "an intention is just that, no more," the Supreme Court concluded that "no element of attempted Hobbs Act robbery requires proof that the defendant used, attempted to use, or threatened to use force."  *Id.* at 2020-21.  Thus, attempted Hobbs Act robbery cannot constitute a crime of violence under Section 924(c)'s elements clause.  *Id.* at 2021.

This Court ordered supplemental briefing for the parties to address the extent to which *Justin Taylor's* crime-of-violence analysis and subsequent discussion affect the issues in this case.  The answer is simple—*Justin Taylor* is inapplicable to the issues of this case because this Court's binding precedent makes clear that attempted bank robbery requires the actual or threatened use

of force. The Court should thus affirm Taylor's 924(c) conviction for the reasons fully explained below.

## ARGUMENT AND AUTHORITIES

**The district court did not err—plainly or otherwise—in denying Taylor's motion to dismiss his Section 924(c) charge.**

### Standard of Review

Contrary to Taylor's assertion, he did not preserve his argument that attempted armed bank robbery is not a crime of violence under Section 924(c)(3)(A), and, as such, it is reviewed for plain error. *See United States v. Lewis*, 907 F.3d 891, 893-94 (5th Cir. 2018) (applying plain-error review to the defendant's unpreserved argument that his predicate offense was not a crime of violence under Section 924(c)). For an issue to be preserved on appeal, "the defendant's objection must fully apprise the trial judge of the grounds for the objection so that the evidence can be taken and argument received on the issue." *United States v. Wikkerink*, 841 F.3d 327, 331 (5th Cir. 2016) (internal quotation marks omitted). This is true even for a claim based on an intervening Supreme Court decision. *United States v. Fernandez*, 559 F.3d 303, 316 (5th Cir. 2009).

Here, Taylor moved the district court to dismiss his Section 924(c) charge on the ground that "the residual clause of § 924(c)(3)(B) has been determined to be unconstitutionally vague and Attempted Bank Robbery may

3

fall within this same residual clause." (ROA.37.)  At no point did Taylor argue to the district court that attempted bank robbery or attempted armed bank robbery do not require "force or violence" or "intimidation" or that those crimes require only the intent to commit the crime and a substantial step.  Nor did he contend that "intimidation," as that term is used in the bank robbery statute, does not involve a communicated intent to use force.  Yet, for the first time on appeal, Taylor makes all three of these arguments in support of his claim that attempted armed bank robbery is not a crime of violence under Section 924(c)'s elements clause, Section 924(c)(3)(A).  (*See* Br. at 6-12.)  Because Taylor never gave the district court a chance to address these arguments, plain-error review applies.  *See United States v. Narez-Garcia*, 819 F.3d 146, 150 (5th Cir. 2016) (reviewing for plain error when the defendant "did not object . . . on the specific ground he now raises on appeal"); *United States v. Mondragon-Santiago*, 564 F.3d 357, 361 (5th Cir. 2009) (reviewing for plain error where "a district court hearing [the defendant's objection below] would not know from those words that the defendant [was raising the argument he now seeks to raise on appeal]").

To establish plain error, Taylor must show that there is a clear and obvious error that affects his substantial rights.  *Lewis*, 907 F.3d at 894.  If this burden is met, then the Court has discretion to remedy the error if it "seriously

affects the fairness, integrity, or public reputation of the judicial proceedings."

*Id.* (internal quotation marks omitted).

### Discussion

Unlike the defendant in *Justin Taylor*, Taylor's Section 924(c) conviction was not predicated on attempted Hobbs Act robbery but, rather, attempted armed bank robbery. This Court's caselaw makes clear that attempted armed bank robbery requires the government to prove that the defendant used actual or threatened force during the attempt. As such, the district court did not err in overruling Taylor's motion to dismiss his 924(c) charge. Further, even if *Justin Taylor* somehow negates this Court's crime-of-violence analysis, Taylor cannot show that any error is clear or obvious. This Court can thus easily affirm.

**A. Attempted armed bank robbery is a crime of violence under Section 924(c) because it requires the actual or threatened use of force.**

Section 924(c) makes it a crime for any person to "use[ ], or carr[y] a firearm" "during and in relation to any crime of violence." 18 U.S.C. § 924(c)(1)(A). The term "crime of violence," in turn, is defined as "an offense that is a felony" and:

(A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

(B) that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3). Federal bank robbery is a crime of violence under the first of these provisions, Section 924(c)(3)(A), otherwise known as "the elements clause." *United States v. Pervis*, 937 F.3d 546, 552-53 (5th Cir. 2019).

Here, Taylor's Section 924(c) conviction was predicated on his attempted, rather than substantive, armed bank robbery conviction. While this Court previously held that where "a substantive offense would be a crime of violence under 18 U.S.C. § 924(c)(3)(A), an attempt to commit that offense is also a crime of violence," *United States v. Smith*, 957 F.3d 590, 595 (5th Cir. 2020), that holding was squarely rejected by the *Justin Taylor* Court, 142 S. Ct. at 2021-22. Thus, in analyzing whether the district court erred in finding that Taylor's conviction was a crime of violence, this Court must employ the categorical approach to determine whether attempted armed bank robbery "always requires the government to prove—beyond a reasonable doubt, as an element of its case—the use, attempted use or threated use of force." *Taylor*, 142 S. Ct. at 2021.

> A person commits federal bank robbery when he:
>
> by force and violence, or by intimidation, takes, or attempts to take, from the person or presence of another, or obtains or attempts to obtain by extortion any property or money or any other thing of value belonging to, or in the care, custody, control, management, or possession of any bank, credit union, or any savings and loan association . . . .

18 U.S.C. § 2113(a).[1]  Where, as here, the defendant is charged with attempted bank robbery, this Court has long held that "the attempt only relates to the taking, not the intimidation." *United States v. Bellew*, 369 F.3d 450, 454 (5th Cir. 2004).  In other words, the government must always prove that the defendant, at minimum, committed an "actual act of intimidation," in order to convict him of either substantive or attempted bank robbery.  *Id.*  Thus, attempted armed bank robbery constitutes a crime of violence under Section 924(c)— even after *Justin Taylor*—because it requires the actual or threatened use of force.

Taylor makes three arguments in an attempt to avoid this conclusion. But none of them are convincing.  First, Taylor asserts that "intimidation," as that term is used in Section 2113(a), does not require proof of a communicated intent to use force.  (Br. at 11.)  This argument seems to stem from the *Justin Taylor* Court's holding that "some form of communication is usually required" for a defendant to have "threatened use of physical force" under Section 924(c)(3)(A).  142 S. Ct. at 2022-23.  But the Supreme Court explained that "threats can be communicated verbally or nonverbally." *Id*. at 2021.  And this

---

[1] While Section 2113(a) contains two paragraphs, the statute is divisible because each paragraph establishes separate crimes.  *United States v. Butler*, 949 F.3d 230, 236 (5th Cir. 2020).  Taylor was convicted under the first paragraph of Section 2113(a), (ROA.22, 52), so the Court need not consider whether the second paragraph constitutes a crime of violence under Section 924(c).

7

Court has held that "intimidation" under Section 2113(a) is the kind that "put[s] a victim in fear of bodily injury," and requires "at least an implicit threat to use force." *United States v. Brewer*, 848 F.3d 711, 715-16 (5th Cir. 2017); *see also United States v. Higdon*, 832 F.2d 312, 315 (5th Cir. 1987). In other words, a defendant can only be convicted of attempted bank robbery if he at least implicitly threatened to use force, which requires some form of communication. Taylor's argument to the contrary is thus unavailing.

Second, Taylor contends that this Court should wholly ignore its decision in *Bellew* and hold that a defendant can be convicted of attempted bank robbery without proof of an actual act of intimidation. (Br. at 11.) But under this Court's rule of orderliness, "only an intervening change in the law (such as by a Supreme Court case) permits a subsequent panel to decline to follow a prior Fifth Circuit precedent." *United States v. Alcantar*, 733 F.3d 143, 145 (5th Cir. 2013). Taylor has not identified—nor is the government aware of—any intervening change in the law that would allow this Court to overrule its prior holding in *Bellew*. As such, the Court should reject Taylor's invitation to violate its rule of orderliness.

Third, and finally, Taylor argues that—even if attempted bank robbery requires an actual act of intimidation—actual intimidation is not needed for a defendant to be convicted of attempted armed bank robbery under 18 U.S.C. §

8

2113(d).  (Br. at 11.)  However, this Court has long held that "Section 2113(a) . . . is a lesser included offense of Section 2113(d)[.]"  *Burger v. United States*, 454 F.2d 723, 724 (5th Cir. 1972).  Put another way, "the elements of § 2113(d) include all of the elements of § 2113(a), plus the additional element of assault." *United States v. Fletcher*, 121 F.3d 187, 193 (5th Cir. 1997), *overruled on other grounds by United States v. Cotton*, 535 U.S. 625 (2002).  Because attempted armed bank robbery requires the government to prove an actual act of intimidation, Section 2113(d) is a crime of violence under Section 924(c).[2]  *See United States v. Duffey*, 456 F. App'x 434, 443 (5th Cir. 2012) (rejecting the government's argument "that the phrase 'in attempting to commit' in § 2113(d)" excused it from proving that the defendant used force, violence, or intimidation).

> ### B.    Any error by the district court in qualifying attempted armed bank robbery as a crime of violence is unclear and nonobvious.

Even if the district court erred in finding that Taylor's attempted armed bank robbery was a crime of violence under Section 924(c) (it did not), that error is not plain.  To succeed under plain-error review, Taylor must show an error that is "clear or obvious, rather than subject to reasonable dispute."

---

[2] Taylor also argues that Section 2113(d) cannot be a crime of violence after *Borden v. United States*, 141 S. Ct. 1817 (2021), because a defendant can allegedly violate the statute by acting recklessly. (Br. 12-15.) But Section 2113(d)'s requirement that the defendant actually intimidate negates the possibility that the armed bank robbery can be committed recklessly. As such, *Borden* is inapplicable.

*United States v. Escalante-Reyes*, 689 F.3d 415, 419 (5th Cir. 2012) (en banc) (quoting *Puckett v. United States*, 566 U.S. 129, 135 (2009)). Further, "if a defendant's theory requires the extension of precedent, any potential error could not have been plain." *United States v. Jackson*, 549 F.3d 963, 977 (5th Cir. 2008) (internal quotation marks omitted).

Here, Taylor's argument is, at most, subject to reasonable dispute and would require this Court to extend *Justin Taylor*'s analysis of attempted Hobbs Act robbery to an entirely different statute—attempted armed bank robbery. While Taylor notes the similarities between the statutes governing both Hobbs Act robbery and bank robbery, he fails to appreciate a crucial distinction between the two: attempted Hobbs Act robbery does not require the actual or threatened use of force whereas attempted bank robbery does. (*See* Part A *supra*). Taylor's position would thus require this Court to wholly ignore its binding precedent interpreting the federal bank robbery statute *and* to interpret it in such a way that *Justin Taylor*'s analysis of a completely different statute applies. This kind of leap in logic all but makes certain that any error by the district court was not plain, and Taylor's challenge fails accordingly.

> **C.    If the district court plainly erred, then this Court should remand for resentencing on Taylor's attempted armed bank robbery conviction.**

If the Court agrees with Taylor's argument and vacates his Section 924(c) conviction, then it should also vacate Taylor's Count-One sentence for

attempted armed bank robbery and remand for resentencing on that count so that the district court can adjust its sentencing package in light of the changed circumstances.

As this Court has explained:

> Sentencing is a fact-sensitive exercise that requires district court judges to consider a wide array of factors when putting together a sentencing package.  When an appellate court vacates one of several related convictions, remand is proper so that the district court can reconsider the entirety of the (now-changed) circumstances and fashion a sentence that fits the crime and the criminal.  The district court may find that a different total sentence would achieve the goals set forth in 18 U.S.C. § 3553 under these new circumstances, or it may not.  But the district court should have the opportunity to make this determination in the first instance.

*United States v. McRae*, 795 F.3d 471, 483-84 (5th Cir. 2015).  The Supreme Court has recognized this same principle, stating that "when a defendant's § 924(c) conviction is invalidated, courts of appeals routinely vacate the defendant's entire sentence on all counts so that the district courts may increase the sentences for any remaining counts if such an increase is warranted."  *United States v. Davis*, 139 S.Ct. 2319, 2336 (2019).

Here, the district court clearly assembled a total sentencing package based on Taylor's Section 924(c) conviction.  Specifically, the court sentenced Taylor to 180 months on his attempted armed bank robbery conviction—10

years less than the statutory maximum on that count—and added 360 months for his Section 924(c) conviction for an aggregate sentence of 540 months. (ROA.150.)  In reaching this aggregate sentence, the district court explained that the sentence "may be conservative considering the nature of the defendant, and the defendant's conduct in the past, and the probability that the defendant would engage in inappropriate conduct of a similar kind, or perhaps worse, in the future."  (ROA.150.)  The district court also stated its belief "that there should be a sentence imposed that [Taylor] will not be out into society until he's well up in years[,]" and that "[t]he offenses of conviction make almost certain what is already readily apparent that the defendant is a danger to society and will continue to be if he is free in society."  (ROA.152, 156.)

In sum, the district court made clear that its aggregate sentence of 45 years was carefully calculated and largely chosen to keep the public safe from Taylor's penchant for dangerous criminal conduct.  Therefore, if this Court invalidates Taylor's Section 924(c) conviction, the district court should have the opportunity to reevaluate its total sentencing package in light of these changed circumstances.  *See McRae*, 795 F.3d at 483-84.

12

## CONCLUSION

This Court should affirm the judgment.

Respectfully submitted,

Leigha Simonton
United States Attorney

*/s/Ryan P. Niedermair*
Ryan P. Niedermair
Assistant United States Attorney
Texas Bar No. 24116828
1100 Commerce Street, Third Floor
Dallas, Texas 75242
Telephone: (214) 659-8725
ryan.niedermair@usdoj.gov

Attorneys for Appellee

## CERTIFICATE OF SERVICE

I certify that this document was served on Taylor's attorney, J. Matthew Wright, through the Court's ECF system on February 7, 2023, and that: (1) any required privacy redactions have been made; (2) the electronic submission is an exact copy of the paper document; and (3) the document has been scanned for viruses with the most recent version of a commercial virus scanning program and is free of viruses.

*/s/Ryan P. Niedermair*
Ryan P. Niedermair

13

## <u>CERTIFICATE OF COMPLIANCE</u>

This document complies with the type-volume limit of Fed. R. App. P. 32(a)(7)(B) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f), this document contains 2,884 words.

This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word 2016 in 14-point Calisto MT font.

*/s/Ryan P. Niedermair*
Ryan P. Niedermair

14